**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

**THEODORE MAYNARD**                                                          **PETITIONER**

**v.**                                                                **CIVIL ACTION NO. 3:07-CV-P658-R**

**DEWEY SOWDERS et al.**                                              **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

Petitioner has filed a petition for writ of mandamus to direct the Commonwealth of Kentucky to give effect to this Court's judgment by entering judgment *nunc pro tunc* (DN 1). He also has filed an application to proceed without prepayment of fees (DN 2). A review of the financial information provided by Petitioner reveals that he lacks sufficient funds to pay the requisite $5.00 filing fee. Therefore, **IT IS ORDERED** that the application to proceed without prepayment of fees (DN 2) is **GRANTED**. *See Kincade v. Sparkman,* 117 F.3d 949, 951-52 (6th Cir. 1997).

In his petition, Petitioner states that he had sought and received a writ of habeas corpus from this Court concerning reversal of his state-court rape conviction. He alleges that Respondent has taken no action to implement this Court's judgment through state proceedings that would carry it into effect by entering a judgment anew that does not include the rape conviction. He alleges that the failure to enter a new judgment subjects him to the continuation of "collateral consequences" arising from the rape conviction.[1] He attaches a copy of a 1982 judgment from this Court that his habeas application be granted insofar as Petitioner is in

---

[1] He does not describe what those "collateral consequences" are. He does not allege that he is still incarcerated because of the rape conviction. An examination of the Kentucky Offender Online Lookup System, www.corrections.ky.gov/kool.htm, lists for Petitioner only the offense of murder, for which he is serving a life sentence.

custody on the offense of rape. Petitioner subsequently filed a motion to place his pleading on the docket and argues that this Court possesses the inherent authority to ensure that its judgments are given full force and effect (DN 4).

Rule 81(b) of the Federal Rules of Civil Procedure abolishes the writ of mandamus. Title 28 United States Code § 1651 does allow federal courts to issue all writs necessary to enforce the law in their respective jurisdictions, including writs in the nature of mandamus. *Haggard v. Tennessee*, 421 F.2d 1384, 1385 (6th Cir. 1970). Generally, the federal courts can only issue writs of mandamus in aid of jurisdiction previously acquired on some other independent ground. *Covington & Cincinnati Bridge Co. v. Hager*, 203 U.S. 109, 111 (1906)*; Haggard v. Tennessee*, 421 F.2d at 1385*; State of Wisconsin v. First Fed. Savings and Loan Ass'n*, 248 F.2d 804, 808 (7th Cir. 1957). Additionally, "the extraordinary writ[] of mandamus . . . will be issued . . . only in extreme and unusual cases." *Califano v. Moynahan*, 596 F.2d 1320, 1321 (6th Cir. 1979) (internal quotation marks and citation omitted).

The Court has reviewed the record in Petitioner's 28 U.S.C. § 2254 case, *Maynard v. Sowders*, Civ. Action No. C 80-0051 L(A), in which Petitioner challenged the constitutionality of his 1972 convictions of murder and rape of a University of Louisville music student. This Court denied Petitioner habeas relief as to his murder conviction but granted it as to his rape conviction. The judgment grants the writ to Petitioner but contains no instruction to the state court to take any action. The judgment, dated January 14, 1982, simply states in pertinent part: "IT IS ORDERED AND ADJUDGED that petitioner's application be and it is hereby granted insofar as he is in custody arising solely from his conviction of the offense of rape."

Thus, this Court did not order the Commonwealth of Kentucky to perform any action

with regard to his original judgment.  Moreover, when "a prisoner succeeds in an action under § 2254, he is the ultimate victor.  While the state court judgment is neither reversed nor vacated, . . . the state court judgment [is] authoritatively declared void."  *Rimmer v. Fayetteville Police Dept.*, 567 F.2d 273, 276-77 (4th Cir. 1977); *see also Wilson v. Lawrence County, Mo.*, 154 F.3d 757, 761 (8th Cir. 1998) ("A federal writ of habeas corpus does not reverse or void the state judgment of conviction.").

Petitioner has not shown that he is entitled to the exceptional remedy of the writ of mandamus.  **IT IS ORDERED** that his petition for writ of mandamus (DN 1) is **DENIED**.  All other pending motions are **DENIED as moot**.

By separate Order, this action will be dismissed.

Date:

cc:   Petitioner, *pro se*

4413.009

3